Greejst, Judge,
delivered the opinion of the court:
The defendant presents a plea in bar which in effect amounts to a demurrer to the petition on two grounds:
First, that the court has no jurisdiction of the case; and
Second, that, in any event, the facts set out by the petition show that the plaintiff is not entitled to recover a judgment herein.
For the purpose of considering this plea in bar, the facts stated in the petition must be treated as admitted. It may be that the plea makes some allegations that amount to a statement of other facts, but if so there is no dispute in relation to them nor do they affect the ruling on the plea.
The petition shows that the plaintiff was employed by the Alien Property Custodian to perform certain legal services under an oral agreement which specified the amount he was to receive for his services; that plaintiff fully performed the services in accordance with the contract but has not been paid the full amount agreed upon as his compensation, although repeated demands have been made upon the said custodian for the payment thereof.
Defendant’s plea in bar is based upon the theory that plaintiff can not maintain his action because provision has been made both by Executive order and by the trading-with-the-enemy act as amended, 42 Stat. 1516, section 24, for payment of the expenses of the Alien Property Custodian out of money or property held by liim under the said act, and that the said custodian has in his possession, as shown by the plea in bar, a fund known as an administrative account in excess of the sum for which plaintiff sues. On behalf of *605 the defendant therefore it is argued that plaintiff has no right to bring this suit directly against the Government, but his recovery, if he is entitled to any, must be obtained through proceedings to award him pay for his services out of this fund.
With this theory we do not agree. It it true that provision has been made authorizing the Alien Property Custodian to pay the expenses incurred in carrying on his office out of funds in his possession. Such provisions, however, merely give the custodian an authority which he would not otherwise have and do not in any way limit the liability of the Government. In the case of Cogswell v. United States, 68 C. Cls. 694, a suit was brought for a quantum meru/it on a contract for legal services performed by the plaintiff at the request of the Alien Property Custodian. In that case we held that the Alien Property Custodian had the authority to employ plaintiff, and his compensation not having been agreed upon, he was entitled to recover what his services were reasonably worth. It follows that in the instant case the Alien Property Custodian was authorized to employ the plaintiff to perform legal services, and if such services were performed in accordance with the contract the plaintiff may recover compensation therefor if the proper proof is presented thereon, there being so far no claim of anything that would invalidate the contract beyond the matters stated in the petition and plea in bar.
The plea in bar is therefore, overruled, and it is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.